# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**SAMUEL ROBERT QUEEN,**

        **Plaintiff,**

        v.                                   **CASE NO. 05-3005-SAC**

**(fnu) MILDNER, et al.,**

        **Defendants.**

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motions for relief from judgment (Docs. #75 and #80), motion to modify payments (Doc. #77), and motion to return original exhibits (Doc. #83).

This is a civil rights action filed by a prisoner in federal custody. On May 12, 2005, the Court directed plaintiff to submit an initial partial filing fee calculated under 28 U.S.C. §1915(b)(1)(Doc. #18). Plaintiff submitted the initial partial fee in two payments received on June 21, 2005.

On July 13, 2006, defendants moved to dismiss the complaint pursuant to 28 U.S.C. § 1915(g), arguing that several dismissals in filings by the plaintiff in other federal district courts qualified as strikes. The Court granted that motion and directed petitioner to submit the remaining balance of the $150.00 filing fee on or before September 5, 2006.

On September 12, 2006, the Court dismissed the matter without prejudice and denied plaintiff's motion for leave to amend the complaint. The Court also ruled that the $100.00 that had been collected in this matter would be applied to an outstanding fee obligation in another action filed by the plaintiff, Case No. 05-3341.

However, approximately two months later, plaintiff submitted the balance of the filing fee and a motion for relief from judgment.[1]

**Discussion**

**Motions for relief from judgment**

A motion for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure allows a district court to relieve a party from a judgment for "mistake, inadvertence, surprise or excusable neglect" or "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1),(6). Such relief is "extraordinary and may only be granted in exceptional circumstances." *LaFleur v. Teen Help*, 342 F.3d 1145, 1153 (10th Cir. 2003)(citations and internal quotation marks omitted). Rule 60(b) balances "the desire to preserve the finality of judgments" with the requirement "that justice be done in light of *all* the facts." *Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444 (10th Cir. 1983)(internal quotation marks omitted).

The Court has carefully studied the record and concludes that the interests of justice require the Court to reopen this matter. It appears that plaintiff submitted the filing fee as directed, and although that fee was received after the deadline set by the Court, petitioner notified the Court of a change in address by a notice mailed shortly before the due date.

**Motion to modify payments**

Petitioner also moves for an order to cease collection of fees, arguing, in part, that if the payments are not discontinued, the Court

---

[1] Although these motions were filed by the Clerk of the Court, they did not immediately appear on reports maintained by the Court.

must order a response. Because the Court has determined this matter should be reopened, the Court will deny the motion to modify payments.

**Motion to return exhibits**

Plaintiff seeks the return of the original documents submitted in this matter (Doc. #83). Because those documents are part of the official record in this matter, the Court will deny this motion. The Court will direct the Clerk of the Court to provide plaintiff with a copy of the docket sheet and a copy of the amended complaint (Doc. #9).

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff's motions for relief from judgment (Docs. #75 and #80) are granted. The Clerk of the Court is directed to reopen this matter.

IT IS FURTHER ORDERED plaintiff's motion to modify payments (Doc. #77) is denied.

IT IS FURTHER ORDERED plaintiff's motion to return original exhibits (Doc. #83) is denied. The Clerk of the Court is directed to provide plaintiff with a copy of the docket sheet and a copy of the amended complaint (Doc. #9).

IT IS FURTHER ORDERED that on or before January 31, 2018, the parties shall advise the Court of the status of this case, including whether they contemplate filing a dispositive motion in this matter.

**IT IS SO ORDERED.**

DATED: This 31st day of October, 2017, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge