IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


**SAMUEL ROBERT QUEEN,**

        **Plaintiff,**

   v.                          **CASE NO. 05-3005-SAC**

**(fnu) MILDNER, et al.,**

        **Defendants.**


## MEMORANDUM AND ORDER

This matter is a civil rights action filed by a prisoner in federal custody. Plaintiff commenced this action while incarcerated in the United States Penitentiary-Leavenworth (USPL). He is presently incarcerated at the Federal Correctional Institution in Edgefield, South Carolina.

In October 2017, the Court reopened this matter. The Court issues the present order to address several pending motions.

**Plaintiff's motions to amend (Docs. 86 and 87)**

Plaintiff seeks leave to amend the complaint to add a defendant, clarify that his claims are against the defendants in their individual capacities, and to add a claim for monetary damages. Defendants oppose these requests, and they note that plaintiff has filed multiple motions to amend the complaint in this action. A review of the record shows that plaintiff first filed an amended complaint approximately one month after he commenced this action (Doc. 9), then filed a motion for joinder (Doc. 11), a motion to dismiss party (Doc. 12), a motion to amend the amended complaint (Doc. 16), a second motion to amend the complaint (Doc. 17), and a third motion to amend the complaint (Doc. 19).

By its order of February 2, 2006 (Doc. 35), the Court allowed those amendments but advised plaintiff that no further amendments would be allowed except upon a showing of good cause. However, after that order petitioner filed another motion to amend (Doc. 48) and a supplement to that motion (Doc. 52).

The Court has considered petitioner's most recent motions to amend (Doc. 86[1] and Doc. 87) in light of this history and concludes that these motions should be denied. Under Rule 15(a)(1) of the Federal Rules of Procedure, a party may amend its pleading once as a matter of course within 21 days after service of a responsive pleading. Thereafter, a party may amend its pleading only with the consent of the opposing party or leave of the court. Leave should granted freely when justice so requires. Fed. R. Civ. P. 15(a)(2)-(3).

In this case, plaintiff has offered no explanation why the material in the most recent requests to amend was not included earlier. The Court believes that he has been given considerable leeway in his pleadings to this point, as he has been allowed to amend the complaint and to submit other pleadings that attempt to introduce additional facts and argument. Having considered the record, the Court denies the requests to amend.

**Plaintiff's motion to appoint counsel (Doc. 86)**

Plaintiff moves for the appointment of counsel (Doc. #86). There is no constitutional right to the appointment of counsel in a civil matter. *Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995); *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989). Rather, the decision whether to appoint counsel in a civil action lies in the discretion

---

[1] The motion to amend incorporates a request for the appointment of counsel. That request is addressed separately.

of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). The party seeking the appointment of counsel has the burden to convince the court that the claims presented have sufficient merit to warrant the appointment of counsel. *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2016)(citing *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the movant] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)). The Court should consider "the merits of the prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Rucks*, 57 F.3d at 979.

The Court has considered the record and declines to appoint counsel. The plaintiff is capable of presenting the factual and legal bases for his claims, and it does not appear that the issues are unusually complicated.

**Plaintiff's motion for judgment on the pleadings or motion for summary judgment (Doc. 88)**

Plaintiff seeks judgment on the pleadings, or, in the alternative, summary judgment. Federal Rule of Civil Procedure 12(c) states that "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." In this case, because there had been no response by defendants, the pleadings were not closed, and plaintiff's motion therefore is not proper.

Likewise, "[j]udgment on the pleadings is appropriate only when

the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to a judgment as a matter of law." *Sanders v. Mountain Am. Fed. Credit Union*, 689 F.3d 1138, 1141 (10th Cir. 2012)(quoting *Park Univ. Enters., Inc. v. Am. Cas. Co. of Reading, PA*, 442 F.3d 1239, 1244(10th Cir. 2006), *abrogated on other grounds by Magnus, Inc. v. Diamond State Ins. Co.*, 545 Fed.Appx. 750, 753 (10th Cir. 2013)).

Plaintiff argues that defendants failed to respond to the order of the Court issued in October 2017. Defendants, however, have explained that the order was not immediately brought to the attention of counsel, and they have diligently pursued this matter since becoming aware of it.

In the alternative, plaintiff moves for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Under Rule 56, the court shall grant summary judgment if "there is no genuine dispute as to any material fact and [movant] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Plaintiff is not entitled to summary judgment; at the time of his filing, the defendants had not yet responded to the complaint.

The Court denies this motion.

**Plaintiff's request for recusal (Doc. 93)**

Plaintiff seeks the recusal of the undersigned, citing delay in the processing of his motion for relief from judgment and asserting prejudice. A judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C.

§455(a)(2018). The governing standard is "whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *See United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993). Under § 455(a) and (b)(1), a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned, or if he "has a personal bias or prejudice concerning a party."

However, a party's feelings "which, of necessity, must be subjective, cannot without more be made the test." *Zhu v. Johns*, 2007 WL 4561526 *1 (D. Kan. Dec. 21, 2007)(citing *United States v. Corr*, 434 F.Supp. 408, 413 (S.D.N.Y. 1977)). And finally, "[t]here is as much obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to do so when there is." *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987).

The Court is familiar with the record and with the cause for the delay in this matter and concludes that there is no ground for recusal. Both plaintiff and defendants will have the burden of that delay, and there is no personal bias or other prejudice that might warrant the recusal plaintiff seeks. Accordingly, the Court will deny this motion.

**Plaintiff's motion for discovery (Doc. 102)**

Plaintiff seeks the production of all administrative remedies filed by him between July 2004 and August 2005, copies of all requests to staff, copies of logbook signatures showing entries to Building 63 by staff from July 2004 to August 2005, and all copies of logbook signatures showing entries by staff into the segregation until from

July 2004 to August 2005.

Defendants oppose this motion (Doc. 114). They state that the Bureau of Prisons (BOP) retains hard copies of inmate administrative remedies for only 3 years after the remedy is complete. Logbook entries are destroyed after 10 years from the final entry. Therefore, at least a portion of the material plaintiff seeks has been destroyed and cannot be produced. However, the BOP maintains records that document the date an administrative remedy is received; the level of review; a general summary of the subject of the grievance; and information concerning the resolution of the grievance. That material has been submitted by defendants and is available to plaintiff. *See* Doc. 100, Ex. 1, pp. 34-52. In addition, defendants point out that plaintiff would have had access to a copy of each grievance at the point he submitted the original grievance for consideration. The Court therefore must deny plaintiff's motion for discovery.

However, the Court has examined the records maintained in other filings made by plaintiff during 2005 and has identified some grievance forms incorporated into those records. Accordingly, the Court will direct the Clerk of the Court to copy and transmit the following materials to the plaintiff: (1) Case No. 05-3022, Doc. 40-3, Att. C-D and Doc. 44, pp. 11-19; (2) Case No. 05-3275, Doc. 42-2, Attach. D; Doc. 48 Ex. 1 – pp. 1-15; Ex. 2 – pp. 1-24; Ex. 3- pp. 1-21; Ex. 4 – pp. 7-26; Ex. 5 – pp. 11-18; Doc. 53, Attach. A, p. 5.

In a related motion, defendants move to stay discovery pending the resolution of their motion for summary judgment (Doc. 115).

Defendants point out that their dispositive motion is based, in part, upon the defense of qualified immunity, and that a stay of discovery in those circumstances is supported by case law. *See, e.g., Ashcroft v. Iqbal,* 556 U.S. 662, 685 (2009)(discussing function of qualified immunity as relieving defendant officials from pressures of litigation, including "disruptive discovery") and *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992)(merits of a qualified immunity defense should be resolved before discovery is allowed).

The Court grants this motion and will stay discovery.

**Plaintiff's motion for extension of time to file response to motion to dismiss or, in the alternative, for summary judgment (Doc. 112)**

Plaintiff seeks an extension of time to and including April 25, 2019. The Court grants this motion.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff's motions to amend (Docs. 86 and 87) are denied.

IT IS FURTHER ORDERED plaintiff's motion to appoint counsel (Doc. 86) is denied.

IT IS FURTHER ORDERED plaintiff's combined motion for judgment on the pleadings or for summary judgment (Doc. 88) is denied.

IT IS FURTHER ORDERED plaintiff's motion for leave to file request for recusal (Doc. 93) is liberally construed as a motion to recuse and is denied.

IT IS FURTHER ORDERED plaintiff's motion for discovery (Doc. 102) is denied. The Clerk of the Court is directed to transmit to plaintiff copies of documents as set forth herein.

IT IS FURTHER ORDERED plaintiff's motion for extension of time to file response (Doc. 112) is granted, and the time for filing a

response is extended to and including April 25, 2019.

IT IS FURTHER ORDERED defendants' motion to stay discovery (Doc. 115) is granted.

**IT IS SO ORDERED.**

DATED:  This 19th day of March, 2019, at Topeka, Kansas.

                                              S/ Sam A. Crow
                                              SAM A. CROW
                                              U.S. Senior District Judge